UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMOS ROGERS LITTLE, III, ESQ., AS PERSONAL REPRESENTATIVE OF THE ESTATE OF J. K., a Deceased Minor Child, ERICA KELLEY, and JOSHUA KELLEY,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>GRANT COUNTY HOSPITAL DISTRICT #1 d/b/a SAMARITAN HEALTH CARE, BRIAN ROBERTSON, M.D., KATHERINE MOLTHAN, R.N., SALLY SCHWAB, R.N., MICHAEL LEEDOM, R.N., JODEE SHEETS, R.N., and NATALIYA MIKHAYLIK, R.N.,<br><br>　　　　Defendants. | NO. 2:18-cv-00292-SAB<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

　　　Before the Court is Defendant's Motion for summary Judgment ECF No. 61. A hearing on the motion was held on March 4, 2020. Plaintiff was represented by Alexander Wilschke. Defendants were represented by Erica Roberts and Jerome Aiken.

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**~ 1

In their Motion, Defendants asked the Court to grant summary judgment on Plaintiffs' claim under the Emergency Medical Treatment Active Labor Act ("EMTALA"). Defendants also asked the Court to dismiss Plaintiffs' negligence claims for lack of subject matter jurisdiction. The parties stipulated to the dismissal with prejudice of Plaintiffs' EMTALA claim, ECF No. 62, so the only remaining issue is whether diversity jurisdiction exists for the Court to hear the remaining state law claims.

**Background Facts**

This is a tragic case. Plaintiffs' four-month old daughter died from cardiopulmonary arrest due to septic shock after numerous visits to the emergency room over a seven-day period. Plaintiffs are bringing state law claims of negligence and wrongful death against various health care providers who treated their daughter.

Plaintiffs had only recently arrived in Washington before their daughter's illness and death. Prior to that, Plaintiffs lived in Montana. Their daughter was born in Montana. After her daughter's birth, Erica Kelley and her daughter lived in California for a time, then returned to Montana, and then moved with Joshua Kelley to Washington. They were staying at Mr. Kelley's uncle's and aunt's house. Neither one was gainfully employed. Erica Kelley had worked two two-hour shifts at a hotel prior to her daughter's death.

After their daughter died, the Kelleys stayed in Washington for 10 months, then moved to Rathdrum, Idaho, where they stayed for a few months, and then moved back to Montana. Erica and Joshua Kelley currently reside in Montana.

**Diversity Jurisdiction**

28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." Plaintiffs have the burden of proof of establishing diversity

jurisdiction. *Lew v. Moss*, 797 F.2d 747, 752 (9th Cir. 1986). For purposes of diversity jurisdiction, a person's domicile is determined at the time the lawsuit is filed. *Id*. at 750. The parties agree that, in this case, the determinative domicile is the domicile of Erica Kelley. *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

To be a citizen of a state, a natural person must first be a citizen of the United States. *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 828, 893 (1989). The natural person's state citizenship is then determined by her state of domicile, not her state of residence. *Kanter v. Warner-Lambert co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. *Id.* (citation omitted). A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state. *Id; see also Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile."). Stated another way, domicile requires both physical presence at a given location and an intent to remain there indefinitely. *Kanter*, 265 F.3d at 857.

There are a number of factors courts use to determine a person's state of domicile, including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes. None of these factors alone is controlling. *Lew*, 797 F.2d. at 750. Courts evaluate domicile in terms of "objective facts," and "statements of intent are entitled to little weight when in conflict with facts." *Id.* (quoting *Freeman v.*

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**~ 3

*Northwest Acceptance Corp.*, 754 F.2d 553, 556 (5th Cir.1985) (internal quotation marks omitted). "[T]he actual fact of residence and a real intention of remaining there, as disclosed by [a party's] entire course of conduct, are the controlling factors in ascertaining his domicile." *Freeman*, 754 F.2d at 555–56.

When the issue involves a change in domicile, additional principles of law apply. First, a change of domicile requires more than physical presence at the new location, it also requires evidence of an intent to remain there indefinitely. *Lew*, 797 F.2d at 750. Second, a person's old domicile is not lost until a new one is acquired. *Barber v. Varleta*, 199 F.2d 419, 423 (9th Cir.1952). Thus, there is a presumption in favor of an established domicile over one newly acquired. *Id.*

**Analysis**

Here, it is undisputed that at the time of their daughter's death, Plaintiffs were living a transitory lifestyle. The evidence is insufficient to conclude that Plaintiffs intended to make Washington their home indefinitely. At best, it appears they wanted to give Washington a try to see if they could make a new life for themselves. But, being willing to try a new location does not equate with intending to stay in Washington permanently. In this case, it is undisputed that Montana was Plaintiffs' domicile prior to moving to Washington, notwithstanding that Ms. Kelley and her daughter lived in California for a time prior to returning to Montana. Relying on the presumption that Montana, the established domicile, trumps Washington, the newly acquired domicile, the Court concludes that Ms. Kelley's domicile for purposes of diversity jurisdiction is Montana and therefore, it has subject matter jurisdiction over the state law claims.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Summary Judgment, ECF No. 46, is **DENIED**.

2. Plaintiffs' Motion to Strike, ECF NO. 66, is **DENIED**, as moot.

3. Plaintiffs' Motion to Expedite, ECF No. 67, is **DENIED**, as moot.

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**~ 4

4. Defendants' Motion to Strike, ECF No. 75, is **DENIED**, as moot.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 23rd day of March 2020.



Stanley A. Bastian
United States District Judge

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT~ 5**